Filed 4/7/14  P. v. Vaira CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C072906 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 10F8947, 11F4173) |
| v. | |
| BRANDON JUSTICE JAMES VAIRA, | |
| Defendant and Appellant. | |

This appeal involves two Shasta County Superior Court cases.

FACTUAL AND PROCEDURAL BACKGROUND

During the evening of June 29, 2011, Albert Palen was in his motel room in Redding with Chala Och, whom he had invited in to share some food.  They left together later and picked up pornographic movies after which Och drove to defendant's residence where she purchased methamphetamine with money provided by Palen.  Palen and Och returned to the motel room where they shared the methamphetamine.

1

The next day, Palen allowed Och to borrow his car to pick up some clothes; however, Och did not return to the motel room until that evening. They watched a movie, had sex, and went to bed. Och became uncomfortable and scared, so she left and drove Palen's car to defendant's residence.

About an hour and one-half later, Och returned to Palen's room with a Taser. She was also accompanied by defendant and another male. Och and defendant, who had a handgun, asked for Palen's wallet. When Palen hesitated, Och struck him with the Taser. After further demands, Palen gave Och and defendant his wallet and cell phone. At one point, defendant made Palen think defendant was going to shoot him. Palen threw his arm up, striking the gun, and causing it to discharge a bullet into the ceiling. Defendant, Och, and the third male then left and Palen called the police. A crime scene technician extracted a small caliber bullet from a hole in the ceiling of the motel room.

It was stipulated that peace officers recovered a .32-caliber gun from defendant's bedroom. When defendant was arrested, a Taser was in his car.

Defendant testified that Och had previously bought methamphetamine from him. Around July 1, 2011, Och called asking for drugs. Och told Tiffany, the woman with whom defendant was living, that Palen would not let her take her belongings out of the motel room so she could leave. Defendant, armed with his gun, went to the motel for the purpose of helping Och get her property. Defendant waited outside, but entered the room when he heard Och scream for help. Och went after Palen with the Taser, but Palen tripped in trying to get away from her and hit defendant's hand, causing the gun to discharge. Och then took Palen's wallet and cell phone and they left.

Consolidated information in case No. 11F4173, an 11 count information, charged defendant Brandon Justice James Vaira with eight offenses and codefendant Tiffany Durham with three offenses. The information also charged enhancements for service of a

2

prior prison term, a prior drug conviction, a prior strike conviction, and being on bail for several of the counts.[1]

On August 22, 2012, defendant pled no contest to possession of a firearm by a felon, possession of ammunition by a felon, possession of methamphetamine for sale, and possession of an injecting or smoking device. Defendant admitted allegations of service of a prior prison term, a prior drug conviction, a prior strike conviction, and an on-bail enhancement. The remaining counts were continued to August 23 for trial.

On September 11, 2012, a jury found defendant guilty of assault with a firearm with a great bodily injury finding, battery with serious bodily injury, and misdemeanor possession of a stun gun by a felon. A mistrial was declared as to second degree robbery, and this count was later dismissed.

On September 17, 2012, in case No. 10F8947, based upon defendant's being found in possession of a stolen credit card, he pled no contest to fraudulent use of a credit card. Defendant's plea was given in exchange for the dismissal of other counts and a maximum term for both cases Nos. 11F4173 and 10F8947 of 14 years eight months in state prison.

In November 2012, the court imposed a term of 14 years eight months. The court also awarded defendant 572 days of presentence custody and imposed fines, fees, and restitution as set forth in the abstract of judgment.

DISCUSSION

Counsel for defendant filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than

---

[1] Codefendant Durham entered a plea bargain as to the three counts against her. She is not involved in this appeal.

30 days have elapsed and we have received no communication from defendant. We have undertaken an examination of the entire record and find no arguable issues that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


      ROBIE         , J.


We concur:


     RAYE         , P. J.


     BUTZ         , J.